IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MADDUX,              )
                                      )
               Plaintiff,      )
                                        )
     v.                    )   C.A. No. 20-414 (MN)
                                        )
DANA METZGER, et al.,       )
                                        )
               Defendants.   )

## **MEMORANDUM OPINION**

Richard Maddux, Smyrna, Delaware – *Pro Se* Plaintiff

November 16, 2020
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

## I.    INTRODUCTION

Plaintiff Richard Maddux ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5).  This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.    BACKGROUND

During the relevant time-frame, Plaintiff was housed in B-Annex Building at JTVCC.  On March 31, 2018, Officer Chick and members of the Correctional Emergency Response Team ("CERT") informed Plaintiff and other inmates they were to report to the hallway to await orders for a strip search by CERT shakedown officers.[1]  (D.I. 3 at 4, 5).  Plaintiff alleges the inmates were escorted to the Supply Room where the strip search took place and where a video camera system recorded the searches.  (*Id.*).  Plaintiff alleges that he objected to the video recording of the strip search and asserted a PREA (*i.e.*, Prison Rape Elimination Act) violation and a DOC Policy 8.60 ¶ IV.G (Definitions) violation that defines voyeurism, as follows:

> An invasion of privacy of an offender by staff for reasons unrelated to official duties, such as peering at an offender who is using a toilet in his or her cell to perform bodily functions; requiring an offender to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an offender's naked body or of an offender performing bodily functions.  Voyeurism is a form of sexual abuse.

---

[1]     The Complaint is signed only by Plaintiff although throughout it refers to "Plaintiff(s)" or "offender(s)."  This Court construes the Complaint as raising claims only on behalf of Plaintiff.

*See* Policy of State of Delaware Department of Correction, Prison Rape Elimination Act, No. 8.60 (Sept. 22, 2015) (https://doc.delaware.gov/assets/documents/policies/policy_8-60.pdf, last visited Nov. 4, 2020).

Plaintiff alleges that he asked to see Sgt. Everett and Defendants Lt. Veronica Tighman ("Tighman"),[2] Lt. Charles Senate ("Senate"), or Watch Commander James Satterfield ("Satterfield"), and the request was denied.  (*Id*. at a 4, 5).  Plaintiff alleges that the line officers claimed the searches were ordered above their pay grade and they were following orders.  (*Id*. at 5).

The Complaint describes the strip search procedures.  (*Id*.).  Plaintiff alleges that at each stage of the search he objected to the procedure, and his objections were ignored by officers.  (*Id*.).  In a letter written by Plaintiff, he states that the strip search was routine but performing the strip search in front of a camera was illegal, unconstitutional, and humiliating.  (D.I. 9 at 5, exhibits to Complaint).  Plaintiff alleges that the officers violated Policy 8.60 by having inmates strip before a camera video system for fun when there were other available options such as a dog detection system or a medical detector.  (D.I. 3 at 5).  Plaintiff alleges that Tighman and Senate failed to enforce DOC policy 8.60 or abide by PREA policy when inmates were videotaped in various stages of undress.  (*Id*. at 4).  Plaintiff also alleges that Tighman and Satterfield asked that Plaintiff not register a PREA complaint.  (D.I. 3 at 5).  Nevertheless, Plaintiff made a PREA complaint and he also submitted a prison grievance.  (*Id*.).

Plaintiff alleges that Senate had direct supervisory authority over the subordinates performing the strip search and that Defendant JTVCC Warden Metzger ("Metzger") had full

---

[2]      Plaintiff also refers to Veronica Tillman.  Presumably Tighman and Tillman are the same person.

knowledge of officers' and staffs' violations of PREA because they were under his direction supervision and because he was involved in prior inmate strip search litigation.  (*Id*.).  Plaintiff alleges that Metzger did not discipline any of the officers involved.  (*Id*. at 5).

Finally, the Complaint alleges that Defendants have an institutional policy of using strip searches as a form of humiliation or punishment in retaliation for minor infractions or rule violations unrelated to security procedures or concerns of PREA.  (*Id*. at 6).  It alleges that Defendants do not provide adequate training to line officers to enforce PREA.  It also alleges that the PREA investigation policy is "rigged" against inmates who are blamed for strip searches rather than the officers who violate PREA and who often issue retaliatory disciplinary reports to inmates in violation of PREA and an inmate's right to due process under the Fourteenth Amendment.  (*Id*.).  Plaintiff alleges that Defendants' failure to enforce or correct incidents violates his constitutional rights under the Eighth and Fourteenth Amendments.  (*Id*.).  He seeks injunctive relief and compensatory damages.  (*Id*.).

## III.   <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds

*pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, this Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV.   **DISCUSSION**

A.   **DOC Policy**

Plaintiff alleges that Defendants violated DOC Policy 8.60. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "[Section] 1983 merely provides a mechanism

for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). State regulations such as DOC policies do not give rise to a liberty interest. *See Rambert v. Beard*, C.A. No. 09-0634, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (compiling cases and holding that "[f]ederal and state regulations in and of themselves do not create a liberty interest" in the disputed DOC procedure at issue).

In the case at bar, the DOC policy is neither a provision in the Constitution or a federal law, although the subject matter is PREA.  It is a state policy and procedure of the Delaware DOC. Defendants' alleged failure to follow DOC Policy 8.60 is not itself a violation subject to § 1983. Therefore, the claim will be dismissed.  Moreover, as discussed below, there is no private right of action under PREA.

### B.     PREA

To the extent Plaintiff alleges violations of PREA, it does not provide a private right of action and, therefore, Plaintiff may not assert a civil PREA claim.  *See Gonzaga Univ. v. Doe*, 536 U.S. at 283-85; *Williams v. Wetzel*, No. 20-1337, __F. App'x__, 2020 WL 5422985, at *3 (3d Cir. Sept. 10, 2020); *Adger v. Carney*, C.A. No. 18-2048-LPS, 2020 WL 1475422, at *5 (D. Del. Mar. 26, 2020);  *Bowens v. Employees of the Dep't of Corr.*, C.A. No. 14-2689, 2015 WL 803101, at *1 n.1 (E.D. Pa. Feb. 26, 2015); *Washington v. Folino*, C.A. No. 11-1046, 2013 WL 998013, at *4 (W.D. Pa. Feb. 28, 2013) (violations of PREA do not create private cause of action); *see also Henry v. CO #2 Gilara*, C.A. No. 16-167, 2017 WL 3424863, at  *3 (W.D. Pa. Aug. 9, 2017); *Njos v. United States*, C.A. No. 3:14-CV-1960, 2016 WL 1720816 (M.D. Pa. Apr. 29, 2016). Accordingly the claim will be dismissed.

### C.   Video Recording of Strip Search

Plaintiff alleges that video recording of strip searches violates PREA and DOC Policy No. 8.60.  He does not allege that the search itself violated his rights but, rather, it is the recording of the search that he finds objectional.  Notably, exhibits to his Complaint describe the strip search, conducted by CERT shakedown officers as routine.

Courts in our Circuit have not found violations of a prisoner's constitutional rights by reason of the video recording of strip searches within a prison.  *See Fatir v. Phelps*, C.A. No. 18-933-CFC, 2019 WL 2162720, at *7 (D. Del. May 17, 2019) (finding that the presence of a camera does not render the strip search unconstitutional); *Watley v. Pike Cty.*, C.A. No. 3:17-CV-1539, 2018 WL 6018903, at *11 (M.D. Pa. Nov. 16, 2018) (finding that video recording of strip search was reasonable because it served legitimate penological needs, such as "ensuring that the search was conducted in a proper manner, deterring against misconduct and false accusations of misconduct, and providing an objective record of the events.").

Indeed, using a camera to record a strip search in a prison does not, by itself, amount to a constitutional violation.  *See*, *e.g.*, *Michenfelder v. Sumner*, 860 F.2d at 330, 333 (9th Cir. 1988) (no constitutional violation when search was conducted in hallway in view of other prisoners on the same tier and indirectly on video camera by opposite sex prison staff); *Daws v. Florence*, 600 F. App'x 26, 27 (2d Cir. 2015) ("defendants showed that their practice of having a supervisory officer present during strip frisks and recording strip frisks via wall-mounted video camera is reasonably related to the legitimate interests in both inmate and staff security at Sullivan."); *Henderson v. Oats*, C.A. No. 4:17-CV-P155-JHN, 2018 WL 2054563, at *2 (W.D. Ky. May 2, 2018) ("Plaintiff's allegation that he was strip searched in a drunk tank with a camera fails to establish a violation of his constitutional rights."); *Bellamy v. City of New York*, C.A. No. 16 Civ.

772 (DLC), 2017 WL 979064, at *3 (S.D.N.Y. Mar. 13, 2017) ("While he does mention that the search was conducted in a room with a security camera, there is no basis to find that the presence of a camera, by itself, was unreasonable.  Indeed, the presence of cameras may assist prisoners by ensuring that government officials do not abuse prisoners while conducting searches."); *Sanchez v. Bauer*, C.A. No. 14-CV-02804-MSK-KLM, 2015 WL 5026195, at *6 (D. Colo. Aug. 26, 2015) (allegation that the plaintiff was "video recorded" while he was strip searched failed to state a Fourth Amendment claim); *Smith v. City of New York*, C.A. No. 14 Civ. 5934(JCF), 2015 WL 3929621, at *2 (S.D.N.Y. June 17, 2015) ("neither the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional."); *Peek v. City of New York*, C.A. No. 13-CV-4488 (AJN), 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014) ("Without more, however, the presence of a camera at a strip search does not amount to a constitutional violation.").

By itself, the video recording of the strip search is not a violation of Plaintiff's constitutional rights.  Therefore, the claim will be dismissed.

### D.      Deficiently Pleaded Claims

Finally, Plaintiff alleges that Defendants:  (1) have an institutional policy of using strip searches as a form of humiliation or punishment in retaliation for minor infractions or rule violations unrelated to security procedures or concerns of PREA; (2) do not provide adequate training to line officers to enforce PREA, and the PREA investigation policy is "rigged" against inmates who are blamed for strip searches rather than the officers who violate PREA and who often issue retaliatory disciplinary reports against inmates in violation of PREA and an inmate's right to due process; and (3) fail to enforce or correct incidents in violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments.

These claims are conclusory without supporting facts.  Plaintiff does not indicate when any of the foregoing occurred or who, specifically, took such action.  Nor is it clear if Plaintiff was the actual subject of the actions described, if other inmates were the subjects, or if this is merely a general description of Plaintiff's claim.  Given the pleading deficiencies, the claim will be dismissed.  Because, however, Plaintiff may be able to state a claim against Defendants or name alternative defendants, he will be given leave to amend the foregoing claim this Court refers to as the policy/training/enforcement claim.

### E.        Sexual Harassment

To the extent Plaintiff alleges sexually harassment because the strip search was video recorded, the claim fails.  Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983 so long as two elements are met.  *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); Freitas v. Ault, 109 F.3d 1335, 1338-39 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997).  The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer.  *Robinson v. Danberg*, 729 F. Supp. 2d 666, 686 (D. Del.  2010) (citation omitted).  The subjective element is whether the official had a sufficiently culpable state of mind.  *Id*. (citation omitted).

Plaintiff's conclusory allegations, without more, fail to state a claim.  Notably, there are no allegations of severe or repetitive videotaping strip searches.  Nor do the allegations reflect a sufficiently culpable state of mind.  Plaintiff alleges he was told by line officers that they were merely following orders.  Therefore, to the extent Plaintiff attempts to raise a sexual harassment claim, it will be dismissed as frivolous.

## V.  <u>CONCLUSION</u>

For the above reasons, this Court will:  (1) dismiss the Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  Plaintiff will be given leave to amend the policy/training/enforcement claim.  All other claims are dismissed with prejudice.

An appropriate Order will be entered.