IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MADDUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-414 (MN) |
| | ) |
| DANA METZGER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of April 2022, having considered Plaintiff's motion to have records subpoenaed from the Department of Corrections (D.I. 44) and motion to extend deadline (D.I. 45);

IT IS HEREBY ORDERED, as follows:

1. Plaintiff, Richard Maddux ("Plaintiff"), is a *pro se* litigant is presently incarcerated at the Sussex Correctional Institution in Georgetown, Delaware.[1] He has been granted leave to proceed *in forma pauperis.* (D.I. 5). Plaintiff seeks records from the Department of Corrections. (D.I. 44). He asks the Court to subpoena records for him after his unsuccessful attempts to obtain such. (*Id*.).

2. Federal Rule Civil Procedure 45 is the rule regarding issuance of a subpoena. Subpoena forms may be obtained at the prison law library or upon request from the Clerk of Court. In general, a subpoena must state the court from which it issued; state the title of the action and its civil-action number; command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information,

---

[1] When Plaintiff filed his complaint, he was an inmate at the James T. Vaughn Correctional Center ("JTVCC") and the incident that is the subject of Plaintiff's complaint occurred at JTVCC. (D.I. 3).

or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and set out the text of Rule 45(d) and (e).

3. A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted). Plaintiff does not provide a completed subpoena. Plaintiff does indicate in his motion to whom the subpoena will be directed (the Department of Corrections) and seems to mostly limit his requested document to the March 31, 2018 strip search incident although some requests are overly-broad[2]. In addition, Plaintiff does not indicate whether he has the ability to pay for any costs associated with issuance of the subpoena such as photocopy fees. Therefore, Plaintiff's motion to have records subpoenaed from the Department of Correction (D.I. 44) is DENIED without prejudice to renew upon a showing of Plaintiff's ability to pay the costs associated with issuance of the subpoena.

4. To the extent Defendants have in their possession any documents related to the March 31, 2018 strip search incident, they are directed to produce the records to Plaintiff on or before May 18, 2022.

5. Plaintiff also moves the Court "to extend deadline to defendants for production upon judge's decision in Plaintiff's motions for: (1) request for subpoena of records and (2) request for appointment of counsel" and leaves the new deadlines to the "Judge's discretion". (D.I. 45).[3]

---

[2] For example, "all documents from medical and mental health from March 31st 2018 from medical provider 'Connections' now 'Centurion'", "all grievances and decisions related to said strip search from myself and others", "copy of the questionnaire done by Staff Lt. Senate", and "all copies of documents specified or asked for by Defendants in Demand Nos. 14 to 26 in the Defendants first request for production directed to Plaintiff."

[3] There are no pending motions for the appointment of counsel. On March 24, 2022, the Court denied without prejudice Plaintiff's request for temporary counsel. (D.I. 43).

2

Defendants have no objection to the extension request "as long as the dispositive motion deadlines are also extended" and suggests a 60-day extension. (D.I. 51). Therefore, Plaintiff's unopposed motion to extend deadlines is GRANTED and the deadlines are extended as follows:

All discovery shall be initiated so that it will be completed on or before **August 15, 2022.**

All summary judgment motions and opening briefs are due on or before **September 6, 2022.**

All answering briefs are due on or before **September 27, 2022.**

All reply briefs are due on or before **October 11, 2022.**

_____
The Honorable Maryellen Noreika
United States District Judge